David D. Park, OSB #803358
ELLIOTT & PARK, P.C.
Abernethy House
324 S. Abernethy Street
Portland, OR 97239-8529
Telephone:     (503) 227-1690
Facsimile:      (503) 274-8384
E-mail:  dave@elliott-park.com

Ron L. Sayer, OSB #951910
James M. Healy, OSB #123403
The Gatti Law Firm
235 Front St., SE, Ste. 200
Salem, OR 97301
Telephone: (503) 363-3443
Facsimile: (503) 371-2482
E-mail: rsayer@gattilaw.com
            jhealy@gattilaw.com

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| MISTY CASTILLO, as Personal Representative of the ESTATE OF ARCADIO CASTILLO, III,<br><br>            Plaintiff,<br><br>   v.<br><br>NATHAN BUSH and CITY OF SALEM, a municipal corporation,<br><br>            Defendants. | Case No.  6:22-cv-00684-MK<br><br>**AMENDED COMPLAINT**<br><br>Civil Rights Violations:  42 USC §1983, Fourth Amendment Excessive Deadly Force; and Wrongful Death (Battery; Negligence)<br><br>**Demand for Jury Trial** |
|---|---|

Plaintiff alleges:

Page 1 – **AMENDED COMPLAINT**

## JURISDICTION AND VENUE

1. This court has jurisdiction over plaintiff's claim of violation of federal constitutional rights under 28 U.S.C. §§1331 and 1343.

2. Venue is proper under 28 U.S.C. §1391(b) in that one or more of the defendants reside in the District of Oregon and plaintiff's claims for relief arise in this district.

3. This court has jurisdiction over plaintiff's pendent state law claims under 28 U.S.C. §1367.

## PARTIES

4. Plaintiff Misty Castillo is a resident of the State of Oregon, is the duly appointed Personal Representative of the Estate of Arcadio Castillo, III (the "Estate"), and is the mother of Arcadio Castillo, III (hereinafter sometimes referred to as "Arcadio").

5. Defendant City of Salem is a municipal corporation in the state of Oregon.

6. Defendant Nathan Bush ("Bush") is a police officer employed by the City of Salem and, at all material times, was acting within the course and scope of his employment and acting under the color of law. Defendant Bush is sued in his individual capacity.

## FACTUAL ALLEGATIONS

7. Arcadio Castillo, III, was born March 27, 1998, and was the only son of Misty Castillo and Arcadio Castillo, Jr. (hereinafter collectively referred to as "Parents").

8. At all times material Arcadio resided with his Parents at 3796 June Avenue NE in Salem, Oregon.

9. At all times material Arcadio was mentally ill and suffered from depression, anxiety, ADHD and substance abuse disorder and Parents were actively seeking the assistance of

Marion County Mental Health to secure Arcadio's civil commitment on the basis that he was a danger to himself and others.

10. Between April 16, 2020, and July 9, 2021, Salem Police were dispatched to the Castillo residence on not less than 9 separate occasions for domestic disturbances directly related to Arcadio's mental and substance abuse disorders.

11. On July 9, 2021, at approximately 11:21 p.m., defendant Bush, together with other later arriving Salem Police officers were dispatched to the Castillo residence in response to the 9-1-1 call of Misty Castillo, reporting that her son was mentally ill, intoxicated, under the influence of marijuana, assaulting family members and armed with a knife. Prior to his arrival on scene, and at all times material, defendant Bush was informed and knew that he was responding to a subject that was mentally ill and in crisis.

12. At approximately 11:22:47 p.m. defendant Bush arrived at the Castillo residence and observed Arcadio on the front porch of the residence and Misty Castillo in the front yard. As defendant Bush approached the residence on foot, Arcadio turned, went inside the house and closed the door.

13. After speaking briefly with Misty Castillo in the front yard, learning that Arcadio had assaulted his mother and that Arcadio's father, Arcadio Castillo, Jr., was inside the house with Arcadio, defendant Bush drew his duty weapon, walked onto the front porch, listened at the front door and heard the voice of Arcadio ask his father to "tell them to leave."

14. Without knocking, and without determining the proximity of responding cover officers, defendant Bush turned the knob on the front door and, finding the door unlocked, swung the door open. Whereupon defendant Bush saw Arcadio holding a large kitchen knife in his right hand with his right arm held down to his side standing approximately 12 feet away directly

in front of him, and he observed Arcadio's father to be standing somewhere near the front door to his left and not under threat or danger by Arcadio.

15. Upon seeing the knife in Arcadio's right hand, defendant Bush shouted, "Put the knife down, put it down!" Immediately and without pause thereafter, defendant Bush fired four rounds from his duty weapon at Arcadio.

16. At no time prior to defendant Bush's use of deadly force did Arcadio raise the knife, make a movement in defendant Bush's or his father's direction nor otherwise threaten defendant Bush or Arcadio Castillo Jr.

17. At no time did Arcadio have, nor did defendant Bush provide Arcadio with, a reasonable opportunity to comply with the order to put down the knife nor fair warning of defendant Bush's intention to use deadly force.

18. All four gunshots fired by defendant Bush struck Arcadio in the upper torso, killing him.

19. Defendant Bush announced "shots away" via radio at 11:24:43, less than two minutes from his arrival on scene. Per the Willamette Valley Communications Center CAD abstract, Salem police officer Brandon Gould responding as cover for defendant Bush reported his arrival "at scene" and somewhere in the immediate vicinity of plaintiff's residence at 11:24:00, 43 seconds before defendant Bush announced, "shots away." Per the Willamette Valley Communications Center CAD abstract, Salem police officer Nicolas Skelton responding as cover for defendant Bush reported his arrival "at scene" and somewhere in the vicinity of plaintiff's residence at 11:24:19, 24 seconds before defendant Bush announced, "shots away."

20. On or after September 22, 2021, defendant City of Salem, acting through its Chief of Police, after an investigation or review of the foregoing circumstances of the shooting death of

Page 4 – **AMENDED COMPLAINT**

Arcadio Castillo, III, and with full knowledge of the facts, determined that defendant Bush's use of deadly force was authorized by and in compliance with the Use of Force policies of the Salem Police Department.

21. The filing of this Complaint timely commences an action on plaintiff Estate's state law claims for the wrongful death of Arcadio Castillo, III within the one-year period specified by the Oregon Tort Claims Act, ORS 30.275(2) and ORS 30.276(3)(c).

## CLAIMS FOR RELIEF

### FIRST CLAIM, DEFENDANTS NATHAN BUSH AND CITY OF SALEM
### Violation of 4th Amendment; 42 U.S.C. §1983; Excessive Deadly Force

22. Plaintiff realleges paragraphs 1 through 20, above, and incorporates same by reference as though fully set forth.

23. At all times material Arcadio Castillo, III had protected liberty interest under the Fourth Amendment not to be subjected to unreasonable entry and search of his home.

24. At all times material Arcadio Castillo, III had a protected liberty interest under the Fourth Amendment to the United States Constitution not to be subjected to an unreasonable seizure of his person through the application of excessive deadly force.

25. Defendant Bush violated Castillo's Fourth Amendment rights by entering his home without a warrant and by intentionally shooting Arcadio without an objectively reasonable belief that Arcadio presented an immediate threat of serious bodily harm to defendant Bush or any other person and without providing Arcadio reasonable time to comply with his commands nor fair warning of his intention to use deadly force.

26. Defendant City of Salem maintained a policy, custom or practice of deliberate indifference to Salem police officers' violations of the Fourth Amendment by unlawful search and entry of residences and/or by use of excessive deadly force which policy was a substantial

factor in defendant Bush's deprivation of Arcadio Castillo, III's Fourth Amendment rights described above and, following an internal investigation of defendant Bush's shooting of Arcadio and with full knowledge of the circumstances of Bush's conduct, ratified, condoned and approved said defendant's conduct.

27. As a result of defendants' violations of Arcadio's rights under the Fourth Amendment, Arcadio died, and his Parents, as beneficiaries of his Estate, are entitled to recover compensatory noneconomic and economic damages in such amount as, upon proof at trial, the jury may determine reasonable and just.

28. Plaintiff should be awarded her attorney fees and costs against defendants pursuant to 42 U.S.C. §1988.

**SECOND CLAIM, DEFENDANT CITY OF SALEM, ONLY**
**State Law Claim for Wrongful Death/Battery**

29. Plaintiff realleges paragraphs 1 through 21, above, and incorporates same by reference as though fully set forth.

30. Defendant Nathan Bush, while acting within the course and scope of his employment for defendant City of Salem, intentionally engaged in harmful or offensive contact with Arcadio Castillo, III, by shooting him.

31. As a result of this battery, Arcadio died, and his Parents, as beneficiaries of his Estate, are entitled to recover compensatory noneconomic and economic damages in such amount as, upon proof at trial, the jury may determine reasonable and just.

**THIRD CLAIM, DEFENDANT CITY OF SALEM, ONLY**
**State Law Claim for Wrongful Death/Negligence**

32. Plaintiff realleges paragraphs 1 through 21, above, and incorporates same by reference as though fully set forth.

33. Each of the following acts of defendant Nathan Bush were taken within the course and scope of his employment for defendant City of Salem, created an unreasonable and foreseeable risk of injury to Arcadio Castillo, III and were substantial factors in causing Arcadio's death:

a) Failure to await the arrival of cover officers before seeking entry into the Castillo residence.

b) Failure to summon and await the arrival of SPD's Behavioral Health Unit, Tactical Negotiations Team and/or other officers with greater knowledge, skill, education, training and experience in behavioral health, crisis intervention and de-escalation before seeking entry into the Castillo residence.

c) Failure to knock and announce his presence at the front door and intention to enter before entering the Castillo residence.

d) Failure to prioritize removal of Arcadio Castillo, Jr. from the residence over direct verbal engagement with Arcadio Castillo, III.

e) Failure to order and direct Arcadio Castillo, Jr. to a position of safety outside the residence before verbally engaging Arcadio Castillo, III.

f) Failure to use crisis intervention tactics and training including, but not limited to verbal de-escalation techniques, distraction, time and distance before resorting to deadly force.

g) Failure to provide a warning and reasonable opportunity to comply before resorting to deadly force.

h) Plaintiff gives notice of her intent and reserves all rights to supplement her specifications of negligence following the completion of fact discovery.

WHEREFORE, plaintiff prays for a judgment against defendants as follows:

Page 7 – **AMENDED COMPLAINT**

1. Compensation in the form of economic and noneconomic damages for the pecuniary loss to the estate and for the loss of society, companionship and services to Arcadio Castillo, III's parents in amounts to be proved at trial.

2. Plaintiff's attorney fees and costs under 42 U.S.C. §1988.

**PLAINTIFF DEMANDS A JURY TRIAL.**

DATED: June 28, 2022.

ELLIOTT & PARK, P.C.

By: s/ David D. Park
_____
David D. Park, OSB #803358
E-mail: dave@elliott-park.com

Ron L. Sayer, OSB No. 951910
E-mail: rsayer@gattilaw.com
James M. Healy, OSB No. 123403
E-mail: jhealy@gattilaw.com
The Gatti Law Firm

Attorneys for Plaintiff