**Jennifer M. Gaddis, OSB No. 071194**
jgaddis@cityofsalem.net
City of Salem Legal Department
555 Liberty St. SE, Room 225
Salem, OR 97301
Telephone: (503) 599-6003
Facsimile: (503) 361-2202
    Attorney for City Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MISTY L. CASTILLO, as Personal Representative of the ESTATE OF ARCADIO CASTILLO, III,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN BUSH and CITY OF SALEM, a municipal corporation,<br><br>    Defendants. | Case No. 6:22-cv-00684-MK<br><br>**CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**(Request for Jury Trial)** |

For their Answer to plaintiff's Amended Complaint, defendants City of Salem and Officer Nathan Bush ("City defendants") hereby admit, deny and allege as follows:

1.

In response to paragraphs 1 through 3, these are plaintiff's jurisdictional and venue allegations to which no response is required, but City defendants do not contest jurisdiction or venue.

2.

In response to paragraph 4, City defendants are without sufficient knowledge or information to admit or deny the allegations, and on this basis, deny them at this time.

3.

In response to paragraph 5, City defendants admit.

4.

In response to paragraph 6, City defendants admit that Officer Nathan Bush is a police officer employed by the City of Salem and, at all material times, was acting within the course of his employment and acting under color of law. The remaining allegation does not require a response from City defendants.

5.

In response to paragraphs 7 through 9, City defendants are without sufficient knowledge or information to admit or deny the allegations, and on this basis, deny them at this time.

6.

In response to paragraph 10, City defendants admit that, between April 16, 2020 and July 9, 2021, Salem Police were dispatched to 3796 June Avenue NE in Salem, Oregon no less than nine separate occasions. City defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 10, and on this basis, deny them at this time.

7.

In response to paragraph 11, City defendants admit that on July 9, 2021, at approximately 11:20 pm, Misty Castillo called 911 reporting that her son was mentally ill, intoxicated, under the influence of marijuana, assaulting family members, and armed with a knife. City defendants admit that Officer Bush responded to the call and was aware of this information. City defendants further admit Officer Bush was also aware that the 911 operator heard Ms. Castillo yell "Get away from me…" and then heard her screaming, before the 911 call was disconnected. Accordingly, except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

///

///

///

8.

In response to paragraph 12, City defendants admit that when Officer Bush arrived at the Castillo residence, he initially only saw Ms. Castillo standing in the driveway. City defendants admit that as he walked further, he saw Arcadio Castillo III ("Arcadio") standing on the front patio. City defendants admit that when Officer Bush asked Arcadio what was going on, Arcadio turned, went inside the residence and closed the door. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

9.

In response to paragraph 13, City defendants admit that Ms. Castillo reported to Officer Bush that Arcadio was "assaulting us," that Arcadio was armed with a knife and that Officer Bush needed to help them. City defendants further admit that Officer Bush saw noticeable signs of physical injury on Ms. Castillo. City defendants admit that Ms. Castillo reported that her husband, Mr. Arcadio Castillo, Jr. ("Mr. Castillo") was still inside the house with Arcadio. City defendants admit that as he approached the door to the residence, Officer Bush had his duty weapon drawn and at his side. City defendants further admit that as he listened at the door, Officer Bush heard two unidentified males talking but that he couldn't decipher everything they were saying. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

10.

In response to paragraph 14, City defendants admit Officer Bush turned the doorknob of the residence, found it to be unlocked and swung the door open. City defendants further admit that upon opening the door, Officer Bush observed Mr. Castillo several feet to his left and observed Arcadio standing approximately 12 feet directly in front of him, holding a large kitchen knife. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

///

///

///

11.

In response to paragraph 15, City defendants admit that upon seeing Arcadio holding the large kitchen knife, Officer Bush raised his duty weapon and pointed it at Arcadio, ordering Arcadio to drop the knife. City defendants further admit that Arcadio did not comply with Officer Bush's commands and ultimately charged Officer Bush with the knife, resulting in Officer Bush firing his duty weapon at Arcadio. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

12.

City defendants deny the allegations in paragraphs 16 and 17.

13.

In response to paragraph 18, City defendants admit the gunshots fired by Officer Bush killed Arcadio. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

14.

In response to paragraph 19, City defendants admit that "shots away" is documented on the Salem Police Department CAD sheet at 23:24:23. City defendants admit that Officer Gould is documented as "at scene" at 23:24:00. City defendants admit that Officer Skelton is documented as "at scene" at 23:24:19. Except for those allegations expressly admitted in this paragraph, the remaining allegations are denied.

15.

In response to paragraph 20, the City admits that Office Bush's use of force was authorized and in compliance with the Salem Police Department's use of force policies. Except for those allegations expressly admitted in this paragraph, the remaining allegations are denied.

16.

City defendants admit paragraph 21.

///

17.

Paragraph 22 does not require a response from City defendants.

18.

City defendants deny the allegations in paragraphs 23 through 28 and plaintiff is entitled to the relief requested.

19.

Paragraph 29 does not require a response from City defendants.

20.

City defendants deny paragraphs 30 through 31 and that plaintiff is entitled to the relief requested.

21.

Paragraph 32 does not require a response from City defendants.

22.

City defendants deny paragraph 33 and each of its discrete subparts.

FOR A FIRST AFFIRMATIVE DEFENSE, City defendants allege:

(Qualified Immunity)

23.

City defendants are entitled to qualified immunity from all claims against them in that their conduct did not violate any clearly established right of plaintiff under the circumstances.

FOR A SECOND AFFIRMATIVE DEFENSE, City defendants allege:

(Good Faith Immunity)

24.

City defendants acted at all times in good faith and without malice such that the City and its officers, employees and agents are immune from liability.

///

///

FOR A THIRD AFFIRMATIVE DEFENSE, City defendants allege:

(Apparent Authority)

25.

City defendants at all times were acting while under apparent authority and are, therefore, immune from liability under ORS 30.265(6)(f).

FOR A FOURTH AFFIRMATIVE DEFENSE, City defendants allege:

(Comparative Negligence)

26.

Plaintiff's injuries, if any, were caused or contributed to in whole or in part by plaintiff's own negligent conduct.

FOR A FIFTH AFFIRMATIVE DEFENSE, City defendants allege:

(OTCA Privileges and Immunities)

27.

Plaintiff's State tort claims are subject to the Oregon Tort Claims Act, ORS 30.260 *et seq*. and the privileges, limitations and immunities contained therein not previously specifically referenced above.

FOR A SIXTH AFFIRMATIVE DEFENSE, City defendants allege:

(Justification)

28.

If plaintiff was subject to any assault or battery, such action was justified under the circumstances.

///
///
///
///
///

WHEREFORE, having fully responded to plaintiff's Complaint, City defendants request judgment in their favor and against plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988 and ORS 20.105.

DATED: July 25, 2022.

*s/ Jennifer M. Gaddis*
Jennifer M. Gaddis, OSB No. 071194
jgaddis@cityofsalem.net
Attorney for City Defendants