**Sebastian Tapia**, OSB No. 043761
*stapia@cityofsalem.net*
City of Salem Legal Department
555 Liberty St. SE, Room 225
Salem, OR 97301
    Telephone: (503) 588-6003
    Fax: (503) 361-2202
       Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MISTY L. CASTILLO, as Personal Representative of the ESTATE OF ARCADIO CASTILLO, III,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN BUSH and CITY OF SALEM, a municipal corporation,<br><br>    Defendants. | Case No. 6:22-cv-00684-MK<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**Request for Jury Trial** |

For their Answer to plaintiff's Second Amended Complaint, defendants City of Salem and Officer Nathan Bush ("City defendants") hereby admit, deny and allege as follows:

1.

In response to paragraphs 1 through 3, these are plaintiff's jurisdictional and venue allegations to which no response is required, but City defendants do not contest jurisdiction or venue.

///

///

PAGE 1 – DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

2.

In response to paragraphs 4 and 5, City defendants admit.

3.

In response to paragraph 6, City defendants admit that Officer Nathan Bush is a police officer employed by the City of Salem and, at all times material, was acting within the course of his employment and acting under color of law. The remaining allegation does not require a response from City defendants.

4.

In response to paragraphs 7 and 8, City defendants admit.

5.

In response to paragraph 9, City defendants deny.

6.

In response to paragraph 10, City defendants admit that, between April 16, 2020, and July 9, 2021, Salem Police were dispatched to 3796 June Avenue NE in Salem, Oregon no less than nine separate occasions. City defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 10, and on this basis, deny them at this time.

7.

In response to paragraph 11, City defendants admit that on July 9, 2021, at approximately 11:20 pm, Misty Castillo called 911 reporting that her son was mentally ill, intoxicated, under the influence of marijuana, assaulting family members, and armed with a knife. City defendants admit that Officer Bush responded to the call and was aware of this information. City defendants further admit Officer Bush was also aware that the 911 operator heard Ms. Castillo yell "Get

away from me…" and then heard her screaming, before the 911 call was disconnected. Accordingly, except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

8.

In response to paragraph 12, City defendants admit that when Officer Bush arrived at the Castillo residence, he initially only saw Ms. Castillo standing in the driveway. City defendants admit that as he walked further, he saw Arcadio Castillo III ("Arcadio") standing on the front patio. City defendants admit that when Officer Bush asked Arcadio what was going on, Arcadio turned, went inside the residence and closed the door. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

9.

In response to paragraph 13, City defendants admit that Ms. Castillo reported to Officer Bush that Arcadio was "assaulting us," that Arcadio was armed with a knife and that Officer Bush needed to help them. City defendants further admit that Officer Bush saw noticeable signs of physical injury on Ms. Castillo. City defendants admit that Ms. Castillo reported that her husband, Mr. Arcadio Castillo, Jr. ("Mr. Castillo") was still inside the house with Arcadio. City defendants admit that as he approached the door to the residence, Officer Bush had his duty weapon drawn and at his side. City defendants further admit that as he listened at the door, Officer Bush heard two unidentified males talking but that he couldn't decipher everything they were saying. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

///

///

10.

In response to paragraph 14, City defendants admit Officer Bush turned the doorknob of the residence, found it to be unlocked and swung the door open. City defendants further admit that upon opening the door, Officer Bush observed Mr. Castillo several feet to his left and observed Arcadio standing approximately 12 feet directly in front of him, holding a large kitchen knife. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

11.

In response to paragraph 15, City defendants admit that upon seeing Arcadio holding the large kitchen knife, Officer Bush raised his duty weapon and pointed it at Arcadio, ordering Arcadio to drop the knife. City defendants further admit that Arcadio did not comply with Officer Bush's commands and ultimately charged Officer Bush with the knife, resulting in Officer Bush firing his duty weapon at Arcadio. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

12.

City defendants deny the allegations in paragraphs 16 and 17.

13.

In response to paragraph 18, City defendants admit the gunshots fired by Officer Bush killed Arcadio. Except for allegations expressly admitted in this paragraph, the remaining allegations are denied.

14.

In response to paragraph 19, City defendants admit that "shots away" is documented on the Salem Police Department CAD sheet at 23:24:23. City defendants admit that Officer Gould

PAGE 4 – DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

is documented as "at scene" at 23:24:00. City defendants admit that Officer Skelton is documented as "at scene" at 23:24:19. Except for those allegations expressly admitted in this paragraph, the remaining allegations are denied.

15.

In response to paragraph 20, the City admits that Office Bush's use of force was authorized and in compliance with the Salem Police Department's use of force policies. Except for those allegations expressly admitted in this paragraph, the remaining allegations are denied.

16.

In response to paragraph 21, the City defendants deny.

17.

In response to paragraph 22, the City defendants deny.

18.

In response to paragraph 23, the City defendants deny.

19.

City defendants admit paragraph 24.

20.

Paragraph 25 does not require a response from City defendants.

21.

City defendants deny the allegations in paragraphs 26 through 31 and plaintiff is entitled to the relief requested.

22.

Paragraph 32 does not require a response from City defendants.

///

23.

City defendants deny paragraphs 33 through 34 and that plaintiff is entitled to the relief requested.

24.

Paragraph 35 does not require a response from City defendants.

25.

City defendants deny paragraph 36 and each of its discrete subparts.

FOR A FIRST AFFIRMATIVE DEFENSE, City defendants allege:

(Qualified Immunity: First Claim for Relief, Only)

26.

Defendant Officer Bush is entitled to qualified immunity from all claims against him in that his conduct did not violate any clearly established right of plaintiff under the circumstances.

FOR A SECOND AFFIRMATIVE DEFENSE, City defendants allege:

(Good Faith Immunity: All Claims for Relief)

27.

City defendants acted at all times in good faith and without malice such that the City and its officers, employees and agents are immune from liability.

FOR A THIRD AFFIRMATIVE DEFENSE, City defendants allege:

(Failure to State a Claim: All Claims for Relief)

28.

Plaintiff's complaint allegations fail to state facts sufficient to constitute a claim for relief against City defendants.

///

FOR A FOURTH AFFIRMATIVE DEFENSE, City defendants allege:

(Comparative Fault – ORS 31.600: Second and Third Claims for Relief, Only)

29.

City defendants are not at fault in the action pled by plaintiff because the death of Mr. Castillo, III, was the sole and exclusive fault of Mr. Castillo, III. Plaintiff's injuries and resulting damages, if any, were caused, in whole or part, by Mr. Castillo, III's own criminal, reckless and negligent actions as follows:

(a) Possessing, displaying and using a knife to harass, assault, menace, threaten, and/or endanger the lives of Misty Castillo and Arcadio Castillo, Jr.;

(b) Harassing and/or assaulting Misty Castillo;

(c) Failing to obey the lawful commands of a uniformed police officer to put the knife down;

(d) Charging at a police officer while holding a knife;

(e) Consuming or abusing several substances, including alcohol and marijuana, in the hours before the criminal, reckless and negligent conduct described above in paragraph 29(a)-(d), that affected Mr. Castillo, III's judgment and decision-making;

(f) A reasonable person would have known that the criminal, reckless and negligent conduct described above in paragraph 29(a)-(e) would increase the risk of harm to himself or herself, and Mr. Castillo, III, suffered the type of harm that could have reasonably been foreseen.

FOR A FIFTH AFFIRMATIVE DEFENSE, City defendants allege:

(OTCA Privileges and Immunities: Second and Third Claims for Relief, Only)

///

PAGE 7 – DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

30.

Plaintiff's State tort claims are subject to the Oregon Tort Claims Act, ORS 30.260 *et seq*. and the privileges, limitations and immunities contained therein not previously specifically referenced above.

FOR A SIXTH AFFIRMATIVE DEFENSE, City defendants allege:

(Justification: All Claims for Relief)

31.

If plaintiff was subject to any assault or battery, such action was justified under the circumstances.

FOR A SEVENTH AFFIRMATIVE DEFENSE, City defendants allege:

(Objective Reasonableness: First Claim for Relief, Only)

32.

Officer Bush's use of lethal force against Arcadio Castillo, III, was objectively reasonable under the totality of the circumstances because Mr. Castillo, III's conduct and actions created an immediate threat of death or serious bodily injury to Officer Bush, and other individuals nearby.

FOR AN EIGTH AFFIRMATIVE DEFENSE, City defendants allege:

(Probable Cause: All Claims for Relief)

33.

Any stop, arrest, or other seizure of Mr. Castillo, III, was based on probable cause.

FOR A NINTH AFFIRMATIVE DEFENSE, City defendants allege:

(Privilege: All Claims for Relief)

///

34.

Any use of control or force by Officer Bush was privileged, as those actions were necessary to carry out his duties as a law enforcement officer.

FOR A TENTH AFFIRMATIVE DEFENSE, City defendants allege:

(Self-defense: Second and Third Claims for Relief, Only)

35.

Officer Bush was justified and privileged to use lethal force to protect himself from a reasonable belief of an immediate threat of death or serious bodily injury from Mr. Castillo, III.

FOR AN ELEVENTH AFFIRMATIVE DEFENSE, City defendants allege:

(Defense of Others: Second and Third Claims for Relief, Only)

36.

Officer Bush was justified and privileged to use lethal force to protect other persons from a reasonable belief of an immediate threat of death or serious bodily injury from Mr. Castillo, III.

FOR A TWELFTH AFFIRMATIVE DEFENSE, City defendants allege:

(Plaintiff's Damages are Limited to ORS 30.020(2): Second and Third Claims for Relief Only)

37.

Plaintiff is not entitled to recover damages outside of the categories specified in ORS 30.020(2).

FOR A THIRTEENTH AFFIRMATIVE DEFENSE, City defendants allege:

(Right to Amend)

38.

City defendants reserve the right to amend their Answer and Affirmative Defenses through and after discovery.

PAGE 9 – DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

WHEREFORE, having fully responded to plaintiff's Complaint, City defendants request judgment in their favor and against plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988 and ORS 20.105.

DATED this 23rd day of October, 2023.

s/Sebastian Tapia
Sebastian Tapia, OSB No. 043761
stapia@cityofsalem.net
Of Attorney for Defendants