**Sebastian Tapia**, OSB No. 043761
*stapia@cityofsalem.net*
City of Salem Legal Department
555 Liberty St. SE, Room 225
Salem, OR 97301
    Telephone: (503) 588-6003
    Fax: (503) 361-2202
        Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MISTY L. CASTILLO, as Personal Representative of the ESTATE OF ARCADIO CASTILLO, III, | Case No. 6:22-cv-00684-MK |
| Plaintiff, | **DECLARATION OF BRANDON DITTO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| NATHAN BUSH and CITY OF SALEM, a municipal corporation, | |
| Defendants. | |

I, Brandon Ditto, hereby declare under penalty of perjury that the following is true and correct:

1.    I am currently Deputy Chief of the City of Salem's Police Department. I have worked as a law enforcement officer with the City of Salem's Police Department since 2006. I am an expert in force application decision making and human performance factors related to law enforcement use of force. I regularly analyze force encounters involving law enforcement officers, form opinions based on that analysis, and draw conclusions that are reliably supported, to a high degree of scientific probability and legal standards. I am a certified Force Science Analyst and have also achieved the Advanced Specialist Certification with the Force Science

PAGE 1 – DECLARATION OF BRANDON DITTO IN SUPPORT OF DEFENDANTS' MOTION FOR
    SUMMARY JUDGMENT

Institute, which is the highest level of certification offered by the Force Science Institute and is achieved only after 18 rigorous weeks of training, evaluation, and clinical study of human performance factors during force encounters. I am also a founding member of the Association of Force Investigators, which is a professional consortium of subject matter experts who investigate, review, analyze, or adjudicate law enforcement use-of-force cases. My participation with the association involves continuous research, seminar attendance, and case review of law enforcement force encounters. This Declaration is offered for the purposes of presenting testimony in support of the material facts relevant to and in support of Defendants' Motion for Summary Judgment.

2.     Officers are trained that edged weapons can cause fatal wounds. In the hands of an attacker, an eight-inch edged weapon can be used to stab or slash an officer, even when the officer is wearing protective equipment, such as a ballistic vest. Officers are also trained in perception-response times, knowing the threat of harm posed by an attacker is significantly greater in a time-compressed environment, such as when an officer may only have fewer than one second to respond to the attack. When an attacker armed with an edged weapon is fewer than eight feet from the officer, the officer is in imminent danger of sustaining a fatal injury. Within eight feet, an attacker can close the distance with an officer and deliver a fatal wound in fewer than one second. Thus, within eight feet, a mere step from the attacker can place the attacker within striking distance to the officer. An attack with that speed is not based upon superhuman performance standards, but standards achievable by an average human.

3.     Attached hereto as Exhibit 1 is Salem Police Department's Policy 4.01, titled Law Enforcement Operations." The enclosed policy is a true copy of the policy in effect on July 9, 2021.

4.     Attached hereto as Exhibit 2 is Salem Police Department's Directive 4.14, titled "Police Use of Deadly Physical Force or in-Custody Death," Section IV, Subsection H, "Investigative Responsibilities," which delegates an incident to be investigated by an outside law

PAGE 2 – DECLARATION OF BRANDON DITTO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

enforcement agency by Senate Bill 111 protocols. The enclosed excerpts are true copies of the directive in effect on July 9, 2021.

5.      Attached hereto as Exhibit 3 is Salem Police Department's Directive 4.14, titled "Police Use of Deadly Physical Force or in-Custody Death," Section IX, Subsection B, "Critical Incident Review Board," that pertains to the Salem Police Department's use of the Critical Incident Review Board to review the investigative findings of an incident. The enclosed excerpts are true copies of the directive in effect on July 9, 2021.

6.      The Oregon State Police was the agency designated to investigate the subject incident. The agency presented their detailed findings to the Critical Incident Review Board (CIRB), which is an interagency work group that includes several high-ranking managers within the Salem Police Department.

7.      The CIRB is an interagency work group that reviews the investigating agency's findings. This process is independent of the Grand Jury findings. The Salem Police Department has utilized the CIRB to review officer-involved shootings since at least December 2012.

**I hereby declare under penalty of perjury that the foregoing is true and correct.**

DATED this 18 day of December, 2023.

Brandon D. Ditto