POLICE USE OF DEADLY PHYSICAL FORCE OR IN-CUSTODY DEATH

Directive:        4.14
Date Issued:      08-01-00
Date Reviewed:    05-26-21

Division of Primary Responsibility: Support

I.    PURPOSE:

The purpose of this policy is to define the procedures and responsibilities related to the use of deadly physical force or an in-custody death involving department members.

II.   DEFINITIONS:

A.    COMMUNICATION RESTRICTION ORDER: An order issued in writing during an investigation that restricts the involved and or witness officer(s) from discussing the facts of the case. This restriction will be given in writing and will be lifted in writing.

B.    DEADLY PHYSICAL FORCE: Physical force that under the circumstances in which it is used is readily capable of causing death or serious physical injury (per ORS 161.015(3)).

C.    CAROTID RESTRAINT AND CHOKE HOLDS: The carotid restraint is a technique used to restrict blood flow to a person's brain by compressing the sides of the neck where the carotid arteries are located. A choke hold is a tight grip around a person's neck, used to restrain them by restricting their breathing. The use of carotid restraint, or any similar choke hold, is prohibited unless deadly force is authorized under ORS 161.239.

D.    IN-CUSTODY DEATH: Occurs when a subject dies while under physical control of an officer or dies while in police custody. Physical control includes the use of a Taser.

E.    INVOLVED OFFICER: An officer who is involved in the actual application of deadly physical force or directs another to use deadly physical force. Also, an officer directly involved in the custody, resulting in an in-custody death.

F.    OFFICER: For purposes of this directive, the term officer refers to any sworn officer of the Salem Police Department.

G.    WITNESS OFFICER: An officer who observes an involved officer use deadly force, direct the use of deadly force, or observes the actions and events surrounding an in-custody death, and, other than observing the incident, did not use deadly physical force.

III.  APPLICATION:

The following procedures will apply when:

**Ditto Declaration Exhibit 3**
**Page 1 of 4**                                    **COS 001924**

IX.    MANDATORY FOLLOW-UP:

A.    Traumatic Incident Debrief:

1.    A traumatic incident debrief should be initiated within 10 days of the conclusion of grand jury. The purpose of the debrief is to allow peer support members and the involved personnel to review the incident, ensuring the emotional well-being of those department members involved.

2.    The Peer Support Sergeant will be responsible for identifying those department members who should attend the debrief.

3.    Final approval of those attending the traumatic incident debrief will be the responsibility of the Support Division Lieutenant.

4.    Attendance is mandatory for those department members directly involved in the incident.

B.    Critical Incident Review Board:

1.    A critical incident review board will meet after the traumatic incident debrief and within 60 days of the conclusion of grand jury. The board is designed to critically examine the incident relative to: officer safety disciplines (EVOC, Firearms, Defensive Tactics, ConSims issues, Taser, etc.), supervisory input and performance, identified training needs, policy and procedure issues, officer support/peer support issues, and investigative issues relative to other governmental agencies such as the District Attorney's Office, the City Attorney's Office, Risk Management and the Civil Investigations Team. If circumstances dictate, other issues may also be addressed.

2.    The board members will consist of the following:

a.    Three (3) Deputy Chiefs,

b.    Two (2) Peer Support members (in the case of a Salem Police Employee Union (SPEU) officer, the Peer Support members will be designated by the Union),

c.    One (1) lieutenant from outside the involved officer's division.

d.    The Support Division Lieutenant will be the non-voting board chair.

e.    Representatives from the city's legal and risk departments will act as the board's advisors.

Ditto Declaration Exhibit 3
Page 2 of 4

COS 001936

3. The involved officer's lieutenant shall attend the entire review. Those department members and disciplines making presentations will only be present during the portion of their presentation.

4. Professional Standards Unit summary reports, OSP reports, and training summary reports will be provided to the involved officer's Lieutenant within 45 days of grand jury and prior to the beginning of the Critical Incident Review Board. During the Critical Incident Review Board, the involved officer's Lieutenant will make a recommendation to the board.

5. At the conclusion of the board, the chair will have 15 days to write a summary report outlining the board members findings. The report will detail any areas of concern generated from the review, to include but not limited to training needs identified from the incident, and specific assignments for necessary changes, including the person assigned to those duties.

6. The summary report will be submitted to the Chief of Police to ensure executive level review and disposition of the incident takes place.

7. A six-month review of any recommendations made by the Review Board Panel will be conducted by the Deputy Chief of the Support Division to ensure recommendations are addressed. In instances where recommendations have not been implemented, a memorandum detailing the reasons why will be included with the original report.

8. Review Board findings are not considered part of the internal affairs investigation and will be filed separately. The Chief's Assistant is designated as the keeper of records for critical incident review board findings.

C. Department Debrief:

A department debrief should take place within 75 days of the completion of grand jury. The debrief is open to all members of the department; however, overtime will not be authorized. Attendance is not mandatory for involved department members. The department debrief will be a summary of factual information that will provide an overview of the events to department members. The involved officers will not present their own information. The Support Division Lieutenant with the assistance of the involved officer's lieutenant, will facilitate the department debrief.

X. CONTACT WITH FAMILY MEMBERS OF INJURIED OR DECEASED PERSONS

A. When contacting family members of any injured or deceased persons it is important to maintain the perspective of compassion and treat everyone with courtesy and respect. The family will be provided with contact information for appropriate mental health or

other professional services that may be required or requested. They will also be provided with the name of an individual within the investigative agency who they can contact if in need of additional information.

**COS 001938**