David D. Park, OSB #803358
Attorney at Law
1500 SW 1st Avenue, Suite 1000
Portland, OR 97201-5834
Telephone:     (503) 227-1690
E-mail:  dave@elliott-park.com

Ron L. Sayer, OSB No. 951910
James M. Healy, OSB No. 123403
The Gatti Law Firm
235 Front St., SE, Ste. 200
Salem, OR 97301
Telephone: (503) 363-3443
Facsimile: (503) 371-2482
E-mail: rsayer@gattilaw.com
        jhealy@gattilaw.com

          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MISTY CASTILLO, as Personal Representative of the ESTATE OF ARCADIO CASTILLO, III,<br><br>                    Plaintiff,<br><br>     v.<br><br>NATHAN BUSH and CITY OF SALEM, a municipal corporation,<br><br><br>                    Defendants. | Case No. 6:22-cv-00684-MK<br><br>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY |

As supplemental authority in support of plaintiff's Motion for Partial Summary Judgment

[ECF 66] and in opposition to defendants' Motion for Summary Judgment on the basis of

Page 1 - PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

qualified immunity directed toward plaintiff's claim for excessive deadly force [ECF 60 and ECF 97], plaintiff respectfully directs the court to *Calonge v. City of San Jose*, et al, 2024 WL 2873371, ___ F.4th ___ (9th Cir., decided June 7, 2024).

In *Calonge* a San Jose police officer shot and killed a man carrying a gun in his waistband walking away from officers on a public street in the vicinity of a school.  The officer's stated reasons for shooting were that he observed the decedent's arm "bow out" from his torso suggesting that the decedent was drawing the gun and decedent was walking toward students who were ten to fifteen yards ahead and he feared the decedent might take those students hostage.  The officer moved for summary judgment in favor on the basis of qualified immunity. The plaintiff opposed summary judgment arguing that there was evidence which conflicted with both of the officer's stated reasons for shooting creating genuine disputes of material fact and qualified immunity was inappropriate because the relevant law was clearly established. The district court granted summary judgment in favor of the officer because plaintiff had failed to identify specific caselaw clearly establishing that the officer's violated the Fourth Amendment.

The Ninth Circuit reversed.  The Court rejected the officer's argument that plaintiff forfeited any argument that the clearly established prong of the qualified immunity analysis was satisfied because plaintiff failed to cite analogous cases to the district court.  "We must reject that forfeiture argument because of *Elder v. Holloway*, 510 U.S. 510 (1994) … holding that "appellate review of qualified immunity dispositions is to be conducted in light of all relevant precedents, not simply those cited to, or discovered by, the district court." *Id*. at 512.  The Court instructed that a court of appeals "engaging in review of a qualified immunity judgment should … use its 'full knowledge of its own [and other relevant] precedents.'" *Id*. at 516 …"  2024 WL 2873371, *7 (internal citation omitted).

Page 2 - PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Finding that there were disputed issues of material fact and taking the facts in the light most favorable to plaintiff, the Court held that "the totality of circumstances plainly did not justify deadly force.  Starting with the most important factor, a reasonable jury could conclude that [decedent] did not pose an immediate threat." 2024 WL 2873371, *5.  The Court found *Estate of Lopez v. Gelhaus*, 871 F.3d 998 (9th Cir. 2017) "strikingly" factually similar because in *Lopez*, as in the case before it, "the officer shouted a single command to "drop the gun" to the boy, who was facing away from the officer.  The boy did not comply for three seconds and then began to turn toward the officer, at which point the officer shot and killed him. We held the use of deadly force was unreasonable.  2024 WL 2873371, *7 (internal citations omitted).

The Court also rejected the defendant's argument that *Blanford v. Sacramento County*, 406 F.3d 1110 (9th Cir. 2005) demonstrated that the law was not clearly established, observing that *Blanford* differed from the case before it "in multiple critical ways."  2024 WL 2873371. *8. Unlike the case before the Court, in *Blanford* decedent was warned that he would be shot if he did not comply with the command to drop the gun, the decedent made a threatening gesture toward the officer and "then made multiple attempts to gain entry to a house or its back yard, where the officers reasonably believed there could have been other people and where he would no longer have been visible to the officers. … Given the specifically relevant precedents that we have discussed, such a factually difference case as *Blanford* would not lead a reasonable officer to believe that shooting a man in the circumstances here was reasonable."  *Id*.

**[Remainder of page intentionally left blank.]**

DATED:        June 15, 2024


By:        s/ David Park
           David D. Park, OSB #803358
           (Mr./he/him)
           E-mail:  dave@elliott-park.com

           Ron L. Sayer, OSB No. 951910
           E-mail: rsayer@gattilaw.com
           James M. Healy, OSB No. 123403
           E-mail: jhealy@gattilaw.com
           The Gatti Law Firm

           Attorneys for Plaintiff