Andrew D. Campbell, OSB #022647
Email: andrew@heltzel.com
Heltzel Williams PC
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
        Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MISTY CASTILLO,** as Personal Representative of the **ESTATE OF ARCADIO CASTILLO, III**, <br> Plaintiff, <br><br> v. <br><br> **NATHAN BUSH** and **CITY OF SALEM**, a municipal corporation, <br> Defendants. | Case No. 6:22-cv-00684-MTK <br><br> **DEFENDANTS' DESIGNATION OF DEPOSITION AS SUBSTANTIVE EVIDENCE** |

Defendants submit pages 17 – 24 of Clifford Conrad Nelson, MD's deposition and designate it as substantive evidence pursuant to this Court's Trial Management Order. The designated pages are attached hereto.

Dated this 13ᵗʰ day of January, 2025.

HELTZEL WILLIAMS PC

s/ Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Attorney for Defendants
Email: andrew@heltzel.com

1 — DEFENDANTS' DESIGNATION OF DEPOSITION
ADC:mom/W:\CLIENTS\BU20705\001\01203318.DOCX

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **DEFENDANTS' DESIGNATION OF DEPOSITION AS SUBSTANTIVE EVIDENCE** on:

James M. Healy
Ronnie Lynn Sayer
The Gatti Law Firm
235 Front Street SE, Suite 200
Salem, OR 97301
Email: jhealy@gattilaw.com
          rsayer@gattilaw.com
Attorney for Plaintiff

Daniel B. Atchison
City of Salem, Legal Dept
555 Liberty Street SE
Salem, OR 97301
Email: datchison@cityofsalem.net
Attorney for Defendants

☐ By mailing to said attorney(s) a full and correct copy therefor, contained in a sealed envelope, with postage paid, addressed to said attorney(s) as stated above and deposited in the United States Post Office at Salem, Oregon.

☐ By hand delivering to said attorney(s) a true copy thereof.

☑ By emailing to said attorney(s) at their above listed email address(es) a true copy thereof.

☑ By electronic filing with the District Court's CM/ECF system.  The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with Fed. R. Civ. P. 5(d).

Dated this 13th day of January, 2025.

HELTZEL WILLIAMS PC

s/ Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Attorney for Defendants
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
Email: Andrew@heltzel.com

2 – DEFENDANTS' DESIGNATION OF DEPOSITION
ADC:mom/W:\CLIENTS\BU20705\001\01203318.DOCX

**HELTZEL WILLIAMS PC**
**P.O. BOX 1048 ▪ SALEM, OREGON 97308-1048**
**TELEPHONE (503) 585-4422 ▪FACSIMILE (503) 370-4302**

*Clifford Conrad Nelson, MD*

*In re: Estate of Arcadio Castillo, III v Bush, et al.*

*June 2, 2023*



CC REPORTING AND VIDEOCONFERENCING
101 East Broadway, Suite 300
Eugene, OR 97401
541-485-0111
www.ccreporting.com

Clifford Conrad Nelson, MD

17

Exhibit Number 33 with a circled image on it.  Is that the location of the gunshot wound number 3 bullet before you removed it from his body?

A.    Yes.

Q.    And the area you recovered this from was the left lateral chest wall; is that correct?

A.    Correct.

Q.    So could you describe for us the path that that bullet took through Mr. Castillo's body?

A.    Sure.  It went from right to left and downward.  It perforated -- oh, excuse me, I was looking at the wrong wound.

Right to left, front to back, and slightly downward.  It perforated his right biceps muscle, then went through the right axillary muscles and soft tissues.  Perforated the right fifth rib and perforated the superior portion of the right lung.  It lacerated or tore his aorta.  It perforated the lower lobe of the left lung, perforated the left fifth intercostal space, and then was recovered in the area shown in the pictures.

Except that there is a typographical error on C.  It should say left chest wall instead of left upper arm.

Clifford Conrad Nelson, MD

18

Q.    Now, on Exhibits 32 and 33, I have included a graphic image to illustrate the bullet path through the body with a red arrow.  Does this capture the -- accurately capture the bullet path that you just described?

A.    If you use what's on Exhibit 32 and 33 together, yes.

Q.    Thank you.  I asked an inartful question, but --

A.    That's okay.

Q.    -- that's what I was trying to accomplish there.

Looking at the wound -- entrance wound to Mr. Castillo's arm on Exhibit 32, what information about this wound tells you it's an entrance wound?

A.    It has a rim abrasion.  It looks like it's approximately -- well, let's see what I reported it as in the report.  From approximately four o'clock to ten o'clock with the body in anatomic position, and it's about an eighth of an inch wide.  What that tells me is that the bullet came into his arm at an angle.  It didn't come at 90 degrees, it came at an angle from inferior on his arm going upward.  But that all is a variable

Clifford Conrad Nelson, MD

19

depending on how his arm was being held at the time.

Q.    So you used a term there, "anatomic position."

A.    Uh-huh.

Q.    Tell us what that term means.

A.    Anatomic position is the position we put somebody in when they -- to describe wounds on the body.  It is face forward, arms at the sides, palms up.

Q.    Okay, thank you.

There are red marks immediately above the entrance hole in the right arm.  What do those red marks signify?

A.    That something else struck his skin beside the bullet immediately above the bullet hole.

Q.    So it could be debris associated with that bullet having passed through another object?

A.    Correct.  As well as -- and that also includes the small little red marks that are further down on his arm.

Q.    Okay.  And is there anything about the shape of the entrance wound itself that suggests to you whether or not the bullet that struck the

Clifford Conrad Nelson, MD

21

he was not facing the direction from which that bullet --

A.    No.

Q.    -- struck him; correct?

A.    Correct.

Q.    Is gunshot wound number 3 fatal?

A.    Yes, it would have been.

Q.    Is it probable that after Mr. Castillo was struck with this bullet, he would have been expectorating blood from his nose and/or his mouth as he continued to breathe?

A.    Yes, because it went through both lungs, which would have gone directly into his airways, which he then would have coughed or expelled.

Q.    Was this wound immediately physically disabling?

A.    No.

Q.    So, in other words, Mr. Castillo could continue to remain standing if he was on his feet, presumably, and move after -- for a time after receiving this wound?

A.    Correct.

Q.    If Mr. Castillo had been holding an object in his right hand when struck with this

Clifford Conrad Nelson, MD

22

bullet into his right bicep, can you say whether it's probable or not that he would have dropped the object?

A.    I can't say.

Q.    Okay.  And explain why you can't say in this instance.

A.    If he's got a tight grip on something, and he receives a gunshot wound that follows this path, it doesn't hit any of the nerves of the brachial plexus, which would render him unable to keep ahold of something.

Q.    Is this -- is this particular wound a painful wound when it's received?

A.    I would think so.

Q.    Okay.  Do you have an opinion of a range of time that Mr. Castillo would have been able to remain conscious after sustaining this bullet wound?

A.    Sure.  Even somebody -- I've had cases where even somebody who had a wound directly to their heart, and essentially blew their heart apart, was able to run down a flight of stairs and out into their front yard.

I had another case where somebody -- just, actually, just recently I was asked to

review a case where somebody was shot in the bedroom. It lacerated their aorta in a different location, but lacerated their aorta, and they were able to get out of the bedroom, run down the stairs before collapsing in the downstairs hallway.

Q. So it would have been possible for Mr. Castillo to remain conscious for maybe up to a minute?

A. I'd say more likely probably -- I could say at least 15 seconds. But a minute would be pushing it.

Q. On the other end?

A. Yeah.

Q. So a reasonable range would be 15 seconds to 30 seconds?

A. I think that's probably a reasonable range to stay conscious.

Q. And then --

A. From just the one wound.

Q. From just this one wound.

Let me direct your attention to Exhibit 34, which is the bullet.

(Exhibit Number 34 referenced.)

///

Clifford Conrad Nelson, MD

24

BY MR. PARK:

Q. Do you recognize Exhibit 34 as the photographs taken of the bullet you recovered in the autopsy of Mr. Castillo from --

A. His left side.

Q. -- his left side?

A. Yes.

Q. Okay. And looking at Exhibit 34, what is significant to you about the shape or condition of that bullet?

A. It's not deformed a lot, at least not with a typical mushrooming pattern, indicating that the precut parts of the jacket around the hollow point were somehow crimped together by hitting something hard before it penetrated very far into the body.

Q. So this tells you that more likely than not this bullet passed through another object before it struck the body?

A. That's likely.

(Exhibit Number 35 referenced.)

BY MR. PARK:

Q. And if you could look at Exhibit 35, which is a photograph of the doorjamb that was among the photos collected by the medical

Clifford Conrad Nelson, MD

38

(Deposition concluded at 2:30 p.m.)

State of Oregon    )
                   ) ss.
County of Douglas  )

I, Denise C. Zito Smith, CSR, a Certified Shorthand Reporter for the State of Oregon, hereby certify that the witness was sworn and the transcript is a true record of the testimony given by the witness; that at said time and place I reported by stenotype all testimony and other oral proceedings had in the foregoing matter; that the foregoing transcript consisting of 37 pages contains a full, true, and correct transcript of said proceedings reported by me to the best of my ability on said date.

If any of the parties or the witness requested review of the transcript at the time of the proceedings, such correction pages are included.

IN WITNESS WHEREOF, I have set my hand this 31st day of July 2023, in the City of Canyonville, County of Douglas, State of Oregon.

_Denise C. Zito Smith_

_____
Denise C. Zito Smith
Oregon CSR No. 01-0375
Expires 9/30/2024