UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MISTY L. CASTILLO, as Personal Representative of the ESTATE OF ARCADIO CASTILLO, III,<br><br>      Plaintiff,<br><br>      v.<br><br>NATHAN BUSH and CITY OF SALEM, a municipal corporation,<br><br>      Defendants. | Case No. 6:22-cv-00684-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Following the July 9, 2021 police shooting and killing of Arcadio Castillo III ("Castillo III"), Plaintiff Misty Castillo (the personal representative of Castillo III's estate), filed this civil rights lawsuit under 42 U.S.C. § 1983 and Oregon state law. Compl., ECF No. 1. Plaintiff alleges claims against the officer involved in the shooting—Nathan Bush—and the City of Salem. Before the Court is Defendants' Motion to Bifurcate Individual and *Monell* Claims for Trial. ECF No. 128. For the following reasons, the motion is denied.

"Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings...." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.2002). In particular, the Court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and

economize, the court may order a separate trial of one or more separate issues...." Fed. R. Civ. P. 42(b). Bifurcation is "not to be routinely ordered." Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment).

On August 15, 2024, the Court entered an Opinion and Order denying Plaintiff's Motion for Partial Summary Judgment and granting in part Defendants' Motion for Summary Judgment. Following entry of that order, the remaining claims in the case are:

(1) Plaintiff's Claim that Defendant Bush violated Castillo III's Fourth Amendment rights by "intentionally shooting [Castillo III] without an objectively reasonable belief that [he] presented an immediate threat of serious bodily harm to defendant Bush or any other person and without providing [him] reasonable time to comply with his commands nor fair warning of his intention to use deadly force." Sec. Am. Compl. ¶ 28, ECF No. 47; and

(2) Plaintiff's Section 1983 Municipal Liability ("*Monell*") claim that Defendant City of Salem had a policy and practice of inadequate investigation that amounted to deliberate indifference to the risk of excessive use of force which caused Castillo III's shooting.

*See* ECF No. 117. Defendants move to bifurcate the two claims into different stages of trial, arguing that bifurcation is necessary to promote judicial economy and convenience to the parties, prevent prejudice to Defendants, and simplify the case for the jury. In particular, because the excessive force claim against Defendant Bush would be dispositive of the *Monell* claim in the event of a defense verdict, *see City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (no *Monell* claim without a finding that the individual defendant caused a constitutional injury), Defendants argue that trying them together would be inefficient. And because certain evidence related to other police shootings would be admissible with respect to the *Monell* claim only, Defendants argue that the admission of such evidence in the case against Defendant Bush would be prejudicial.

Here, while the Court acknowledges that the *Monell* claim is contingent on a successful claim against Defendant Bush, judicial economy does not favor bifurcation. Defendants' argument would lead to the conclusion that bifurcation is appropriate in every case with a *Monell*

claim, and Defendants do not demonstrate that there is anything specific about this case that would render trying the claims together especially inefficient. Rather, the scope of the *Monell* claim which survived summary judgment is relatively narrow such that it does not appear the Court or parties would be particularly inconvenienced by trying the claims together, even in the event of a defense verdict on the individual liability claim. Defendants argue that the fact that trial has already been scheduled in this case favors bifurcation because the Court will simply be able to move "straight into" the *Monell* phase in the event of a jury verdict against Defendant Bush, using the same jury, without undergoing a second stage of trial scheduling and preparation. But this argument cuts against Defendants as well; there is very little "savings" of judicial and party resources if the parties and Court will be briefing, deciding, and preparing for both phases of the trial even if the trial is bifurcated. In addition, the Court and parties have already set aside the time on their schedules to accommodate both phases of the trial, and the jury has likewise been summoned for its full length. In other words, there is nothing to gain in bifurcating these claims because the burden of preparing for both stages of the trial will be sustained either way. Thus, judicial economy and convenience to the parties do not favor bifurcation in this case.

    The Court likewise finds that the potential prejudice to Defendants is insufficient to warrant bifurcation. Again, the scope of the *Monell* claim following the Court's ruling on Defendants' motion for summary judgment is narrow, likewise narrowing the scope of the evidence that may be offered in support of that claim. Second, any minimal harm or prejudice caused by the admission of *Monell* evidence in the case against Defendant Bush—and the related risk of jury confusion—can be mitigated with appropriate jury instructions. *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 807 (9th Cir. 2018) (jury instructions can be sufficient to cure

possible prejudice even where some evidence relevant to *Monell* claims was irrelevant to individual liability).

Defendants' Motion to Bifurcate Individual and *Monell* Claims for Trial (ECF No. 128) is therefore DENIED.

DATED this 24th day of January 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States District Judge