**Ron L. Sayer, OSB No. 951910**
rsayer@gattilaw.com
**James M. Healy, OSB No. 123403**
jhealy@gattilaw.com
The Gatti Law Firm
235 Front St. SE, Ste. 200
Salem, Oregon, 97301
Telephone: 503-363-3443
Fax: 503-371-2482

      Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **MISTY L. CASTILLO**, as Personal Representative of the **ESTATE OF ARCADIO CASTILLO, III**, <br><br>     Plaintiff, <br><br>   v. <br><br> **NATHAN BUSH** and **CITY OF SALEM**, A municipal corporation <br><br>     Defendants. | Case No. 6:22-cv-00684-MTK <br><br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*** |

Plaintiff responds to Defendants' Motions *in Limine* as follows:

**Defendants' Motion No. 1: Exclude Evidence or Argument Regarding Indemnity.**

Plaintiff stipulates to this Motion.

**Defendants' Motion No. 2:  Exclude Evidence or Argument of Damages Due to Litigation**

Plaintiff stipulates to this Motion

/ / /

/ / /

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

**Defendants' Motion No. 3:  Exclude Any Arguments Aimed at Juror Sympathy**

Plaintiff stipulates that she will not "ask[] the jury to imagine themselves in the position of Plaintiff."  Further, Plaintiff agrees to not make any plea of poverty, so long as that logical premise applies equally to both parties (See Plaintiff's Motion *in Limine* Nos. 15 & 16, ECF No. 164).

**Defendants' Motion No. 4: Exclude Evidence Regarding September 2024 Shooting**

Plaintiff stipulates to excluding evidence of the September 2024 shooting for any purpose related to Plaintiff's § 1983 Fourth Amendment Excessive Force claim against Defendant Bush. Plaintiff agrees the September 2024 shooting has no relevance to whether Defendant Bush's use of lethal force against Arcadio Castillo III on July 9, 2021 was objectively reasonable.

Evidence regarding the September 2024 shooting is relevant and admissible for Plaintiff's *Monell* claim against the City of Salem, however, and should be admitted for that purpose.

On Plaintiff's *Monell* claim Plaintiff must prove the City of Salem was deliberately indifferent to a substantial risk that its policies were inadequate to prevent violations of law by its employees.  *See* 9th Circuit Model Instruction No. 9.8.  The crux of Plaintiff's *Monell* claim is that the City of Salem's historical failure to conduct bonafide internal investigations of officer involved shootings, especially with respect to how the City of Salem obtained information from the subject officer to determine whether the officer's conduct complied with City policy and constitutional protections, constitutes a custom or policy that permits unconstitutional behavior.

The evidence at trial will be that the City's internal investigation of officer involved shootings has historically relied on the evidence collected, and interviews conducted, by the Oregon State Police during the Oregon State Police's criminal investigation of the shooting.  Of the 18 officer involved shootings in the 10 years preceding Defendant Bush's shooting of Arcadio Castillo III, only once did the City of Salem independently interview the involved officer additional to the Oregon State Police interview.  The City, however, has identified and documented

Page 2 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

on multiple occasions that its exclusive reliance on the OSP investigation constitutes a fatal flaw in its process of conducting internal reviews of officer involved shootings when the City attempts to discern whether the involved officer's conduct was compliant with City policy and constitutional protections. Plaintiff's proposed Exhibits 72 through 77 are the City's Critical Incident Review Recommendations regarding six different officer involved shootings that preceded Defendant Bush's shooting of Arcadio Castillo III. Plaintiff's proposed Exhibits 72 through 77 are the City's own documents which expressly state that the City's reliance on the OSP interviews of the subject officers deprives the City of necessary information it needs to determine whether the officer complied with City policy (and therefore constitutional protections). For example, Plaintiff's proposed Exhibit 76, in commenting on the City's reliance on the OSP officer interview for its internal interview, states "The Board unanimously agreed that we need to form a committee to create a process/avenue to obtain additional information from the involved officer that are related to tactics, policy and training. These types of questions are not part of the criminal investigation and therefore they are not asked, which leaves questions and gaps for the investigating Lieutenant." (Plaintiff's proposed Exhibit 76, p. 5). While that is just one example amongst many of the City expressly identifying this deficiency, in each instance the City recommends changes to policy to create an avenue for the City to obtain pertinent information from the subject officer to determine whether the officer complied with policy. However, prior to Arcadio Castillo III's death, the City had failed to implement recommendations to cure its exclusive reliance on OSP's interview of the subject officer.

In February 2023, as part of the parties' filings on Summary Judgment, Plaintiff served upon Defendants the expert report of Dr. John R. Black. Dr. Black is a subject matter expert on law enforcement use of force, and specifically law enforcement agency use of force review. Dr.

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

Black's report identified and detailed the deficiencies in the City's internal investigation process, and the City's constructive knowledge of those deficiencies.

With the foregoing in mind, the Defendant City of Salem's response to the September 2024 shooting, as it relates to the City's internal investigation of that shooting, is relevant to Plaintiff's *Monell* claim.  If the City's investigation of the 2024 shooting reveals it relied on the same historically deficient practices with its knowledge of the deficiencies as identified by Dr. Black, then that fact (the City's continued reliance on its deficient process) is relevant evidence of the City's deliberate indifference toward its custom and policy of permitting unconstitutional behavior. If, on the other hand, the City's investigation of the 2024 shooting reveals changes to its process, then those changes are relevant and admissible under Fed. R. Evid. 407 as evidence of control and feasibility of precautionary measures for its prior deficient officer involved investigations.

Finally, while the City claims is has not yet concluded its investigation of the September 2024 shooting, the City's unexplained delay is in violation of its own policy insofar as its own policy requires it to convene a critical incident review board to review the results of its internal investigation within 60 days of the conclusion of grand jury.  (Plaintiff's Proposed Exhibit 69, p. 12-13).  According to a press release by the Polk County District Attorney's office, Grand Jury for the September 2024 shooting concluded October 10, 2024, meaning the City's investigation was to be concluded no later than December 9, 2024.  Thus, while the City argues its investigation is not yet completed, that is contrary to the plain terms of the City's own policies establishing timelines for its investigation, and the City offers no explanation for its delay in this instance.

With the foregoing in mind, the City's investigation – particularly, the City's process of investigating – of the September 2024 shooting is relevant to Plaintiff's *Monell* claim.  Because the City offers no explanation for its delay, that should not be a permissible excuse for the City to

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

deprive the jury of this relevant evidence, and the City should be ordered to produce its investigative materials to date for the jury's consideration.

Dated this 27th day of January, 2025

/s/ James M. Healy
James M. Healy, OSB No. 123403
Of attorneys for Plaintiff

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

CERTIFICATE OF SERVICE

I hereby certify that on the __27th__ day of January, 2025, I served a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE* on the following:

> Andrew D. Campbell
> Elayna Z. Matthews
> Heltzel Williams PC
> PO Box 1048
> Salem, OR 97308
> E-mail: andrew@heltzel.com
> elayna@heltzel.com
>
> Daniel B. Atchison
> City of Salem Legal Department
> PO Box 14300
> Salem, OR 97309
> E-mail: datchison@cityofsalem.com

I further certify that said copies were:

_____    Mailed in a sealed envelope, via US Postal Service

_XX_    Transmitted via e-mail

_XX_    Transmitted via electronic means (CM/ECF)

_____    Hand Delivered

Dated this __27th__ day of January, 2025.

s/ James M. Healy
Ron L. Sayer, OSB #951910
James M. Healy, OSB #123403
Of Attorneys for Plaintiff
E-mail: jhealy@gattilaw.com

Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*